9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffrey Max GONZALES, Plaintiff-Appellant,
v.
Dan REYNOLDS, Gary D. Maynard, Defendants-Appellees.
 No. 93-7035.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court granting defendants' motion to dismiss plaintiff's section 1983 claims pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C.1915(d). Plaintiff brought this action for declaratory injunctive relief under 42 U.S.C.1983 for alleged deprivations of his civil rights related to his transfer from a medium security prison to a maximum security prison. It is undisputed that the transfer was made for administrative reasons related to overcrowding in the Oklahoma prison system. In his complaint, plaintiff alleges that the transfer deprived him of rights guaranteed to him by the Eighth and Fourteenth Amendments of the United States Constitution.
 
 
 3
 We agree with the district court that it is well settled that there is no constitutional right to incarceration at a particular correctional facility. Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Plaintiff alleges that even if there is no constitutional right to incarceration at a particular facility it is a deprivation of a constitutional right to change his expectation of a particular security classification. We disagree. We find nothing in Oklahoma state regulations that would create a liberty interest in plaintiff for a particular security classification. See Twyman v. Crisp, 584 F.2d 351, 355-56 (10th Cir.1978).
 
 
 4
 We further agree with the district court that plaintiff has failed to state any claim based on the Eighth Amendment. Plaintiff's equal protection arguments were not raised in the district court. Therefore, we will not address them here. We AFFIRM the dismissal without prejudice of all of plaintiff's claims under Fed.R.Civ.P. 12(b)(6) and 28 U.S.C.1915(d). The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3